

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-26-00229-CV

IN RE HAL VON LUEBBERT, RELATOR

ORIGINAL PROCEEDING

June 8, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

By this original proceeding, Relator, Hal Von Leubbert, proceeding pro se, seeks a writ of mandamus to compel the Honorable Benjamin A. Webb, Presiding Judge of the County Court at Law No. 3 of Lubbock County, to rule on his motion for summary judgment and other pending motions. For the reasons expressed herein, we deny Relator's request.

## BACKGROUND

According to Relator's petition, he filed a motion for summary judgment in the County Court on December 10, 2025. He states the real parties in interest filed their response on February 26, 2026, and he filed his reply on March 4, 2026. He says the

motion was submitted on March 6, 2026, and has not been ruled upon. Relator claims "pre-trial exchange" is set for June 5, 2026, and trial is to commence June 17, 2026. Relator has not included a copy of the motion with his petition.[1]

## STANDARD OF REVIEW

Mandamus is an extraordinary remedy granted only when a relator can show (1) the trial court abused its discretion and (2) no adequate appellate remedy exists. *In re N. Cypress Med. Ctr. Operating Co*., 559 S.W.3d 128, 130 (Tex. 2018) (orig. proceeding); *In re H.E.B. Grocery Co., L.P.,* 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). When seeking mandamus relief, a relator bears the burden of proving these two requirements. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

To establish an abuse of discretion, a relator must demonstrate the trial court acted unreasonably, arbitrarily, or without reference to any guiding rules or principles. *See Downer v. Aquamarine Operators, Inc*., 701 S.W.2d 238, 241–42 (Tex. 1985). To establish no adequate remedy by appeal, a relator must show there is no adequate remedy at law to address the alleged harm and the act requested is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Furthermore, to establish a ministerial act, a relator must also show (1) a legal duty to

---

[1] In his petition, Relator lists other motions he says are also pending. He asks this Court to compel a ruling on those motions as well. For the reasons stated herein, we decline to do so. He further asks this Court to stay the June 17, 2026 trial date. We do not do so.

perform, (2) a demand for performance, and (3) a refusal to act. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979).

## ANALYSIS

When a motion is properly pending in the trial court, the act of considering and ruling on the motion is a ministerial act. *Eli Lilly and Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992). The trial court has a reasonable time within which to perform its ministerial duty to rule on a properly pending motion. *Creel v. Dist. Atty. For Medina County*, 818 S.W.2d 45, 46 (Tex. 1991); *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). Whether a reasonable period of time has passed depends on the circumstances of each case. *Ex parte Bates*, 65 S.W.3d 133, 135 (Tex. App.—Amarillo 2001, orig. proceeding). No bright line defines the boundaries of a reasonable time period. *Id.* Factors to consider regarding what constitutes a reasonable time period include the trial court's actual knowledge of the motion, its overt refusal to act, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first. *Id.*

Relator's pending motion is a fairly recent filing. It was submitted just over two and a half months ago. He has not established the trial court's refusal to act on it. We cannot say this delay in ruling constitutes an unreasonable delay or an abuse of discretion. *See In re Jones*, No. 07-11-00499-CV, 2012 Tex. App. LEXIS 229, at *6 (Tex. App.—Amarillo 2012, orig. proceeding) (finding less than three months without a ruling since the filing of a motion was not an unreasonable delay). Lastly, Relator has failed to include with his

3

petition copies of the motion(s) on which he seeks relief. *See* TEX. R. APP. P. 52.3(I).

Accordingly, Relator has not established he is entitled to mandamus relief.

**CONCLUSION**

Relator's petition for writ of mandamus is denied.

Alex Yarbrough
Justice

4